Connolly, J.
The above mentioned defendant is charged with rape of a child, G.L.c. 265, §23, and indecent assault and battery on a child under the age of fourteen, G.L.c. 265, §13B. This court, on July 25, 1996, conducted a hearing, which was continued on October 10, 1996, on the defendant’s motion to suppress. As grounds for the suppression, the defendant argues that his statements were obtained in violation of his rights guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution and by Article 12 of the Massachusetts Declaration of Rights, as he did not intelligently and knowingly waive his Miranda rights.
FINDINGS OF FACT
In August of 1996, Crystal St. Gelais (victim) disclosed to her cousin and a friend that her brother had been raping her for over a year. A week or so later, the victim informed her parents about what had transpired.
The defendant is the second oldest of eight children. At all relevant times, the family resided in a two-bedroom residence. The living conditions were such that the parents slept in one bedroom and the children slept in the remaining bedroom. The alleged instances occurred in the bedroom the defendant shared with the victim.
On August 29, 1996, Inspector Shea of the Westford Police Department went to the St. Gelais residence with Sara Welch of the Department of Social Services. He met with the parents and requested that the defendant be brought to the police station. The defendant was accompanied to the police station by his father, Richard St. Gelais.
The defendant had been interviewed on two prior occasions in 1993 by Inspector Shea regarding a child rape case, in which the defendant was found guilty and committed to the custody of the Department of Youth Services (DYS). The defendant’s father was present at both interviews. Each time they were advised of their opportunity to consult privately and each time they declined. On both occasions, the defendant waived his Miranda rights and provided Inspector Shea with a written statement.
Upon arriving at the station on August 29, the defendant was read his Miranda rights in the presence *734 of his father. The defendant and his father were asked if they understood the rights. Both the defendant and his father signed the Miranda waiver. Before Inspector Shea and Sergeant McEnaney were able to advise them of their right to consult in private, Mr. Richard St. Gelais directed his son to tell the police about what had transpired with his sister.
The defendant told the police that he had sex with his sister 40 to 50 times over the last couple years, but had not done it since he got out of counselling. During the time the police were questioning the defendant, he appeared relaxed and calm. The defendant later signed a handwritten statement detailing his actions. At the time of the statement, the defendant was sixteen years old.
Prior to the victim’s allegations against her brother, she told the Department of Social Services, in June or July of 1996, that her father molested her. The Westford Police Department, however, was not aware of these allegations at the time of the defendant’s questioning.
Rulings of Law
“Investigating officials permissibly may interview a juvenile suspected of a crime, and a statement that is the product of that interview, if knowing and voluntary, may be admitted at trial against the juvenile." Commonwealth v. Philip S., 414 Mass. 804, 808 (1993). “[W]here the defendant is a juvenile, courts must proceed with ‘special caution’ when reviewing purported waivers of constitutional rights.” Commonwealth v. Berry, 410 Mass. 31, 34 (1991). “[C]ertain procedures are to be followed in obtaining a juvenile’s waiver of his rights against self-incrimination.” Philip S., 414 Mass. at 808. “As to juveniles at least fourteen years old at the time of the purported waiver, the prosecution must show that, before the disputed statement was obtained, the juvenile was advised of constitutional rights through a reading of the Miranda warnings and was afforded the opportunity to consult with an interested adult who was informed of, and understood, those rights.” Berry, 410 Mass. at 34. “In the absence of such an opportunity, any statement should be suppressed unless the circumstances demonstrate a high degree of intelligence, experience, knowledge, or sophistication on the part of the juvenile.” Commonwealth v. A Juvenile, 402 Mass. 275, 279 (1988).
The defendant argues, in essence, that his father could not qualify as an interested adult because he had also been accused by the victim of sexual molestation. The defendant contends that because of the allegations against his father, his father was not free from conflict and was not acting in the defendant’s best interest, but rather in his own best interest. Additionally, when the interested adult is also the father of the victim, this court will examine the impact that relationship has on the father’s ability to properly assist his son regardless of whether such an argument was raised by the defendant.
“In deciding whether an adult advising a juvenile during a custodial interrogation is an interested adult, the facts must be viewed from the perspective of the officials conducting the interview.” Philip S., 414 Mass. at 809. Our Supreme Judicial Court has stated that in certain circumstances “an adult may be present during a juvenile’s purported waiver of constitutional rights and yet for some reason be disabled such that the juvenile for practical purposes has no opportunity for a meaningful consultation.” Berry, 410 Mass. at 36.[1] Those circumstances, however, are not present in this case.
First, the Westford Police were unaware of the victim’s allegations against her father. As the facts must be viewed from the perspective of Inspector Shea and Sergeant McEnaney, this court finds that, from their perspective, there was no reason to believe that Mr. Richard St. Gelais was not an interested parent. In fact, since the defendant’s father was present the last two times Inspector Shea interviewed the defendant it was expected that he would be present this time.
Second, Mr. Richard St. Gelais, although aware of his daughter’s accusations, took no action against the defendant prior to the Westford Police Department’s involvement. His failure to act indicates that he was more interested in protecting the defendant than in helping the victim. Accordingly, this court finds that even though Mr. Richard St. Gelais was the father of the victim, it did not result in his being disabled such that the defendant had no opportunity for a meaningful consultation.[2]
Moreover, the fact that the Defendant’s father told him to tell the police what transpired with his sister is insufficient to show that Mr. Richard St. Gelais was a disinterested parent. The Supreme Judicial Court has “reject[ed] the notion that a parent who fails to tell a child not to speak to interviewing officials, who advises the child to tell the truth, or who fails to seek legal assistance immediately is a disinterested parent.” Philip S., 414 Mass. at 810. The “interested adult rule ... is not violated because a parent fails to provide what, in hindsight and from a legal perspective, might have been optimum advice.” Id.
In addition, the cases relied on by the defendant are factually distinguishable. See Commonwealth v. Guyton, 405 Mass. 497 (1989); Commonwealth v. A Juvenile, 402 Mass. 275, 279-80 (1988). Guyton is inapplicable because its holding, that a seventeen-year-old cannot consent to the police interrogation of a sixteen-year-old defendant because a minor cannot satisfy the interested adult requirement, is not relevant here. Guyton, 405 Mass. at 502.
Furthermore, A Juvenile is not analogous to the present case. In that case a juvenile resident of a DYS operated home for troubled adolescents confessed to *735 committing an assault, to the assistant director of the home, who took him to the police station the following day, where he again confessed. As to the confession at the police station, the court held that it was properly suppressed since “the juvenile had no opportunity for meaningful consultation.” A Juvenile, 402 Mass. at 279. The court held that the assistant director and a caseworker “were not standing in the place of parents but rather were acting as DYS ‘employees’ required to report to the police concerning the defendant.” Id., at 279-80. The court further found that even if they were to have acted in the place of the parents, they did not understand their role; “the juvenile hardly could reasonably have thought [they] were there to help him.” Id., at 280. Unlike the above mentioned case, the defendant reasonably would have thought that his father was there to help him. As previously noted, his father’s act of not reporting the defendant to the police is consistent with a father who is attempting to protect his son.
That the Defendant and his father did not consult before the Defendant’s waiver of his Miranda rights is also not dispositive. Our Supreme Judicial Court has not adopted a “fixed rule that a minor’s opportunity to have a meaningful consultation with an interested adult. . . requires that the police expressly inform the minor and the adult that they may confer in private.” Commonwealth v. Ward, 412 Mass. 395, 397 (1992) (citation omitted). “It is not necessary for such a juvenile actually to consult with the interested adult, for it is the opportunity to consult that is critical.” Berry, 410 Mass. at 35. (Emphasis in original.) “(T]he ultimate question is whether the juvenile has understood his rights and the potential consequences of waiving them before talking to the police.” Id., citing Commonwealth v. MacNeill, 399 Mass. 71, 79 (1987). The opportunity to consult was available to the defendant. He and his father had a car ride over to the police station to consult. The defendant was also aware that he could consult with his father at the police station if he so desired. Furthermore, as a result of his prior conviction, the defendant was aware of the potential consequences of waiving his Miranda rights.
For the foregoing reasons, this court finds that the defendant knowingly, intelligently and voluntarily waived his Miranda rights.
ORDER
It is therefore ORDERED that the defendant’s motion to suppress statements is DENIED.

 In such a situation, “a finding would be warranted that the juvenile has not been assisted by an interested adult and did not have the opportunity for consultation contemplated by our rule.” Philip S., 414 Mass. at 809.

 As a result of this finding, the secondary issue of whether the juvenile possessed a high degree of intelligence, experience, knowledge, or sophistication was not reached.